## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS BAKIOS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:23-CV-01274-K |
| | § | |
| MICHAELS STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiff Nicholas Bakios, III's Motion to Dismiss (the "Motion to Dismiss"), Doc. No. 10, Defendant Michaels Stores, Inc.'s ("Michaels") Unopposed Motion to Compel Arbitration and Dismiss Plaintiff's Claims (the "Motion to Compel") and Brief and Appendix in support thereof, Doc. Nos. 11–13, Michaels's Motion to Seal or, in the Alternative, Redact Plaintiff's Complaint (the "Motion to Seal") and sealed Brief and Appendix in support thereof, Doc. Nos. 20–22, Mr. Bakios's Brief in Response to Defendant's Motion to Seal or, in the Alternative, for Redactions to Plaintiff's Complaint, as filed and refiled, Doc. Nos. 26, 28, Mr. Bakios's Supplemental Response to Defendant's Motion to Seal or, in the Alternative, for Redactions to Plaintiff's Complaint, Doc. No. 31, Michaels's Motion for Sanctions and Brief in support thereof, Doc. Nos. 32–33, Mr. Bakios's Response to and in Opposition to Defendant's Motion for Sanctions and Brief in support thereof, Doc. Nos. 34–35, and Michaels's Reply in Support of Motion for Sanctions.  Doc. No. 36.

Upon consideration of the parties' submissions, the Court **GRANTS** Michaels's Motion to Compel arbitration, **DENIES** Mr. Bakios's Motion to Dismiss as moot, **DENIES** Michaels's Motion for Sanctions, and **GRANTS** Michaels's Motion to Seal in part and **DENIES** it in part.  Mr. Bakios sued Michaels, alleging that Michaels discriminated and retaliated against him because he stood up for its African American and Hispanic employees and employee applicants, as well as employees who lost money due to a payroll error.  The parties now agree he should have arbitrated his claims pursuant to their arbitration agreement, and the Court concurs.  Mr. Bakios does not oppose dismissal of his claims without prejudice, so the Court **DISMISSES** them without prejudice.  Michaels seeks sanctions against Mr. Bakios primarily for filing his Complaint in court, disclosing confidential information in court filings, and changing his mind several times about his opposition to Michaels's attempts to seal the information. Although Mr. Bakios may have made mistakes, the Court finds insufficient evidence that he acted with recklessness, bad faith, or improper motive warranting sanctions. The Court agrees with Michaels that Mr. Bakios's Complaint contains some material Michaels has the privilege to withhold from disclosure, and it seals that material. Michaels has not shown a sufficient interest in keeping the remainder of the Complaint from the public, so the Court otherwise declines to seal it.  As to a few items of business information in the Complaint, the Court believes that Michaels may be able to make such a showing given another opportunity to do so.  The Court will **RETAIN JURISDICTION** to consider a renewed request to seal those items of information.

## I.   BACKGROUND

Unless otherwise indicated, the Court draws the following facts from Mr. Bakios's Original Complaint, Doc. No. 1, and assumes that they are true.  The Court confines its discussion of factual details to allegations that it is unsealing and presents all other information at a high level of generality.

Between 2021 and 2023, Mr. Bakios served Michaels as its Corporate Director of Team Member Experience.  *Id.* ¶¶ 5–12.  During his employment, Mr. Bakios received complaints about Hasiao Wang, a fellow employee tasked with creating an online sales program for Michaels.  *Id.* ¶¶ 14–19.  Mr. Bakios investigated the complaints and came to believe that Mr. Wang made racist comments about African American and Hispanic individuals.  *Id.* ¶ 20.  Despite Mr. Bakios's investigation, Michaels resisted removing Mr. Wang, although it ultimately allowed him to depart the company for a new position elsewhere.  *Id.* ¶¶ 23–25.  In retaliation for the investigation that led to Mr. Wang's departure, Michaels allegedly stripped Mr. Bakios of some of his job responsibilities and denied him a promised promotion.  *Id.* ¶¶ 27–30.

Mr. Bakios subsequently investigated Michaels's payroll and purportedly discovered errors that kept "thousands of African American and Hispanic employees" from receiving full payment.  *Id.* ¶¶ 33–36.  Michaels allegedly responded by terminating Mr. Bakios.  *Id.* ¶¶ 37–38.  Although Michaels stated it was eliminating his position, it promptly solicited candidates for a position with identical duties.  *Id.* ¶¶ 40–45.

Mr. Bakios filed suit in this Court alleging that Michaels discriminated and re-taliated against him for defending African American and Hispanic employees and em-ployee applicants and for trying to protect employees who lost money due to payroll errors. *Id.* ¶¶ 46–48. He brought his claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1981. *Id.* At the time, he had not received a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC") permitting him to file a Title VII claim. Doc. No. 33 at 10; Doc. No. 35 at 8.

He did not file his Complaint under seal. Michaels promptly filed an emergency motion to seal the Complaint on the basis that it contains confidential information about its internal investigations and operations. Doc. Nos. 5–7. The Court provision-ally sealed the Complaint. Doc. No. 8.

Mr. Bakios's counsel then learned that his client had an arbitration agreement with Michaels. Doc. No. 28 at 4. The parties had agreed to arbitrate "all past, present, and future claims or disputes, including without limitation those claims related to or arising out of [Mr. Bakios's] employment, [his] application for employment, and/or [his] termination of employment with [Michaels]." Doc. No. 13-1 at 13, 16. The parties specifically noted that they would arbitrate "[t]ort or statutory discrimination, harassment, or retaliation claims." *Id.* at 17. They agreed that American Arbitration Association rules would govern arbitration and that the arbitrator would have

4

"exclusive authority to resolve disputes relating to the interpretation, applicability, enforceability, or formation" of their arbitration agreement. *Id.* at 16, 19.

Mr. Bakios moved to dismiss his claims in favor of arbitration. Doc. No. 10. Michaels simultaneously filed an unopposed motion to compel arbitration and dismiss the claims. Doc. No. 11. The Court ordered the parties to brief whether Mr. Bakios's Complaint should remain under seal upon resolution of their motions. Doc. No. 17. It told them that their briefing should include a public filing addressing the issue "without disclosing the substance of the material sought to be kept confidential." *Id.* at 2.

Mr. Bakios's counsel informed Michaels that he would agree to the sealing of his client's Complaint. Doc. No. 28 at 4. He then reconsidered out of concern his agreement might prevent him from offering evidence related to sealed information in an arbitration with Michaels. *Id.* at 5. He spoke to Michaels's counsel, who, according to Mr. Bakios's counsel, tentatively stated that Michaels would need to be able to object to inaccurate statements. *Id.* at 6. Mr. Bakios's counsel felt this confirmed his concern. *Id.* at 7. Michaels filed a Motion to Seal the Complaint noting that Mr. Bakios agreed to only two redactions of his allegations. Doc. No. 20 at 3. The Court gave Mr. Bakios a chance to file a response brief and reiterated that public briefing should not disclose the "substance of the material [Michaels] seeks to keep confidential." Doc. No. 23.

Mr. Bakios filed a brief in which he withdrew his opposition to sealing his Complaint but expressed doubts about the need for sealing. Doc. No. 26. The filing was public, and Mr. Bakios directly quoted the material Michaels sought to seal. *Id.*

Mr. Bakios's counsel says that Michaels's counsel emailed him about the public filing and, recognizing his mistake in disclosing the quoted material, Mr. Bakios's counsel promptly took steps to seal the filing.  Doc. No. 35 at 21.  Mr. Bakios's counsel neglected to tell Michaels's counsel that he had acted, so she had to leave a family funeral to file an emergency motion to seal Mr. Bakios's response brief.  *Id.*; Doc. No. 33 at 6.  The Court sealed the brief.  Doc. No. 30.

Michaels moved for sanctions against Mr. Bakios and his counsel under 28 U.S.C. § 1927 and the Court's inherent powers.  Doc. No. 31.  It pointed to Mr. Bakios's attempt to litigate his claims in court rather than resolve them in arbitration, his assertion of a Title VII claim without a right-to-sue letter in hand, his disclosure of information Michaels believes is confidential, and his changing position on the sealing of his Complaint.  Doc. No. 32.

## II.   MOTIONS TO COMPEL AND DISMISS

The Court begins by granting Michaels's Motion to Compel arbitration and dismissing Mr. Bakios's claims without prejudice in favor of arbitration.  This decision moots Mr. Bakios's separate Motion to Dismiss his own claims.

The Court will enforce an arbitration agreement if the agreement is valid under state contract law and it contains a "delegation" clause empowering the arbitrator to decide which claims are subject to arbitration.  *Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 201–02 (5th Cir. 2016).

The parties' arbitration agreement satisfies these requirements. The parties do not dispute that their arbitration agreement is valid. Doc. No. 10 at 1; Doc. No. 12 at 11. Their agreement also unmistakably contemplates that an arbitrator will determine which claims the parties must arbitrate. It states that the arbitrator has "exclusive authority to resolve disputes relating to the interpretation, applicability, enforceability, or formation" of the agreement. Doc. No. 13-1 at 16; *see Andrews v. Michaels Store, Inc.*, 2021 WL 4813760, at *5–7 (C.D. Cal. Sept. 15, 2021) (interpreting same language); *Parr v. Stevens Transp., Inc.*, 2020 WL 2200858, at *2, 4–5 (N.D. Tex. May 5, 2020) (Scholer, J.) (interpreting similar language). It further provides that American Arbitration Association rules will apply to the parties' arbitration, and these rules permit the arbitrator to decide which of the parties' claims are subject to arbitration. *Edwards v. DoorDash, Inc.*, 888 F.3d 738, 746 (5th Cir. 2018); Am. Arbitration Assoc., Employment Arbitration Rules and Mediation Procedures R-6. The parties must present Mr. Bakios's claims to an arbitrator.

Staying Mr. Bakios's case would serve no purpose, so the Court will dismiss the claims without prejudice in favor of arbitration. Although the arbitrator must decide whether to hear them, there is little doubt that Mr. Bakios's claims for employment discrimination and retaliation are "[t]ort or statutory discrimination, harassment, or retaliation claims" the parties agreed to arbitrate. Doc. No. 13-1 at 17; *Reed v. Royal Sonesta Inc.*, 2020 WL 3545392, at *9 (E.D. La. June 30, 2020) (dismissing with prejudice in similar circumstances); *see also Green Tree Servicing, LLC v. House*, 2017 WL

5709594, at *4–5 (S.D. Miss. Feb. 6, 2017) (dismissing with prejudice all claims subject to delegation clause), *aff'd*, 890 F.3d 493 (5th Cir. 2018).  Mr. Bakios also expressly requests dismissal of his claims.  Doc. No. 10.  In some papers he states a preference for dismissal after arbitration is complete, Doc. No. 28 at 21, but he offers no reason for delay, and he says he is unopposed to Michaels's request for immediate dismissal. Doc. No. 11 at 2; Doc. No. 11-1 at 1.  The Court finds immediate dismissal appropriate.  The dismissal is without prejudice at the parties' request.  Doc. No. 11-1 at 1.

## III.   MOTION FOR SANCTIONS

The Court denies Michaels's request for sanctions against Mr. Bakios and his counsel.  Michaels seeks sanctions under 28 U.S.C. § 1927 and the Court's inherent powers.  Doc. No. 33 at 7–8.  In its briefing, Michaels includes short footnotes suggesting that it also could have moved for sanctions under Federal Rule of Civil Procedure 11 or sought a finding of civil contempt.  *Id.* at 13 nn.8–9.  The Court will not consider these latter two theories because they are undeveloped.  It will take up the former two theories in the following subsections and explain why it will not impose sanctions.

### A. 28 U.S.C. § 1927

The Court finds insufficient evidence to warrant sanctions against Mr. Bakios's counsel under 28 U.S.C. § 1927.  Section 1927 allows the Court to order an attorney to pay the excess costs, expenses, and attorneys' fees reasonably caused by his conduct "unreasonably and vexatiously" multiplying the proceedings in a case.  The Court must find by clear and convincing evidence that the attorney acted in bad faith, with an

improper motive, or with reckless disregard for his or her duties to the Court. *Laws.*
*Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). Michaels
points to four pieces of evidence in support of its request for sanctions: (1) counsel's
decision to sue in this Court rather than arbitrate Mr. Bakios's claims, (2) counsel's
failure to obtain a right-to-sue letter from the EEOC authorizing Mr. Bakios to pursue
a Title VII claim before filing suit, (3) counsel's disclosure of confidential information
belonging to Michaels, and (4) counsel's oscillation between opposing and not oppos-
ing Michaels's attempts to seal Mr. Bakios's Complaint. Doc. No. 32. Review of this
evidence at most reveals that Mr. Bakios's counsel was negligent, and some of his al-
leged failings do not seem to have multiplied proceedings.

     i.    <u>Filing in Court</u>

    The parties' agreement that Mr. Bakios should have demanded arbitration does
not show that his counsel filed Mr. Bakios's Complaint for nefarious reasons or in
reckless disregard of his duties to the Court. Counsel undisputedly lacked awareness
of the arbitration agreement. Doc. No. 35 at 10. The record does not reveal any red
flags that should have alerted him to its existence. *See Massey v. DISA Glob. Sols. Inc.*,
2020 WL 6051593, at *6 (W.D. La. Sept. 25, 2020), *rep. & rec. adopted*, 2020 WL
6051263 (W.D. La. Oct. 13, 2020); *cf. Morrison v. Walker*, 939 F.3d 633, 639 (5th Cir.
2019). Counsel apparently failed to ask Mr. Bakios whether he signed an arbitration
agreement, but there is no evidence that this was more than an error in judgment. *See*
Doc. No. 35 at 9. Once Michaels informed him that an arbitration agreement existed,

counsel moved on Mr. Bakios's behalf to dismiss Mr. Bakios's claims in favor of arbitration.  Doc. No. 10; Doc. No. 28 at 4.  This weakens the inference that counsel filed the claims vexatiously.  *See Curry v. Alpha Omega Home Health Servs., Inc.*, 2009 WL 10693966, at *2 (S.D. Tex. Oct. 6, 2009).

ii.   Filing Without a Right-to-Sue Letter

Although Michaels views it as evidence that Mr. Bakios's Complaint is baseless, the Court does not place much weight on the fact that counsel filed a Title VII claim on Mr. Bakios's behalf before he received a right-to-sue letter from the EEOC.  Doc. No. 33 at 10; Doc. No. 35 at 8.  Michaels does not dispute that counsel believed in good faith that the EEOC would issue a right-to-sue letter.  Doc. No. 35 at 8.  There is also some authority suggesting that Mr. Bakios could have pursued his premature Title VII claim in this case once he received the letter.  *E.g.*, *Howe v. Yellowbook USA*, 840 F. Supp. 2d 970, 977 (N.D. Tex. 2011) (Lynn, J.); *Cormier v. Wal-Mart Stores, Inc.*, 145 F. Supp. 3d 666, 670 (W.D. La. 2015).

Even if counsel's assumption that he would cure the defect in the Title VII claim was too sanguine, filing the claim did not multiply proceedings.  In addition to the Title VII claim, counsel filed claims under 28 U.S.C. § 1981 and the FLSA on behalf of Mr. Bakios.  Doc. No. 1 ¶¶ 47–48.  All of Michaels's filings were necessary based solely on the assertion of the latter claims.  On these facts, it seems unlikely Mr. Bakios's counsel advanced the Title VII claim to drag out proceedings, and doing so did not cause that result. *Compare Bodenheimer v. Williams*, 2015 WL 4528910, at *3

10

(E.D. La. July 27, 2015) (denying sanctions assuming at least some claims were barred because plaintiff promptly dropped them), *with Harris v. Fresenius Med. Care*, 2007 WL 1341439, at *6 (S.D. Tex. May 4, 2007) (Rosenthal, J.) (granting sanctions where plaintiff forced defendants to litigate claim barred by failure to exhaust administrative remedies alongside other meritless claims through summary judgment).

iii.   Disclosing Confidential Information

While the Court shares Michaels's concerns about confidentiality, the Court does not view counsel's disclosure of Michaels's confidential information as significant additional evidence of counsel's vexatiousness.  Doc. No. 33 at 10–11.  Courts have found vexatiousness or improper purpose when individuals disclosed information with clear awareness of a binding obligation to refrain from disclosure.  *See, e.g.*, *Offor v. Mercy Med. Ctr.*, 2018 WL 3364389, at *4 (S.D.N.Y. July 10, 2018) (filing unredacted medical information in complaint and brief despite orders in other actions sealing the information and sanctioning counsel for failing to redact it); *Mehr v. Cnty. of Orange*, 2011 WL 13267999, at *6 (C.D. Cal. Feb. 15, 2011) (requesting exception from order requiring sealed filing of brief followed quickly by filing the brief publicly without permission), *aff'd*, 484 F. App'x 162 (9th Cir. 2012); *cf. also Jordaan v. Hall*, 275 F. Supp. 2d 778, 786–87 (N.D. Tex. 2003) (Fish, C.J.) (applying Federal Rule of Civil Procedure 11).  Counsel disclosed confidential information in Mr. Bakios's Complaint, but there is no indication that Mr. Bakios's counsel was aware the Complaint contained Michaels's confidential information when he filed it.  Doc. No. 33 at 10.  The

Complaint largely comprises the kinds of allegations that parties file publicly in employment discrimination and retaliation cases every day. *See* Doc. No. 1. More troubling is counsel's filing of a brief publicly disclosing information the Court provisionally sealed and then ordered him not to disclose. Doc. No. 8; Doc. No. 17 at 2; Doc. No. 23; Doc. No. 26. The Court nonetheless finds that his prompt attempt to seal the brief is some evidence that the filing was simply a mistake. *See City of Alexandria v. Cleco*, 547 F. App'x 568, 570 (5th Cir. 2013).

### iv.   Adopting Changing Positions

That leaves counsel's inconsistent position on Michaels's request to redact Mr. Bakios's Complaint as the last proffered evidence of his wrongdoing. The strength of this evidence is doubtful because counsel's position on sealing had no relevant impact on proceedings. The Court, not the parties, is responsible for protecting the public's right of access to its records from unwarranted sealing requests. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Even if Michaels secured counsel's agreement to its proposed redactions, it would not have changed Michaels's obligation to file a fulsome brief explaining why the Court should limit the public's right. *Payne v. Payne*, 2023 WL 3136417, at *1 & n.4 (N.D. Tex. Apr. 27, 2023) (Starr, J.) (citing *Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022)). That is roughly what came to pass. According to Michaels, Mr. Bakios's counsel initially agreed to Michaels's redaction of the Complaint, then rejected any redaction of the Complaint, then agreed to two redactions, before finally ending up where

12

he started and declining to oppose any redactions.  Doc. No. 33 at 10–11.  Michaels filed a twenty-page motion to seal and no reply brief.  Doc. No. 21.

The limited practical significance of counsel's changing opinion makes it less likely he acted with ill intent.  Counsel also did not repeatedly and unequivocally make the same misstatement of his opinion.  He apparently regretted his original opinion and modified it as he discussed his concerns with Michaels.  *See* Doc. No. 35 at 15–17; *cf. Offor*, 2018 WL 3364389, at *5.  A colleague purportedly dictated the final decision not to oppose Michaels's sealing request.  Doc. No. 35 at 22.  While counsel might have exercised more caution before stating his position to Michaels, Michaels does not argue that counsel was reckless for this reason alone.  The Court will not invent reasons for policing litigation strategy with sanctions on its own initiative.  *Cf. Byte Fed., Inc. v. Lux Vending LLC*, 2023 WL 7043266, at *4 (M.D. Fla. Oct. 26, 2023) (denying sanctions where court found that nonmovant reasonably reassessed its litigation position).

v.   Conclusion

Considering all of the evidence submitted by Michaels, the Court declines to sanction Mr. Bakios's counsel under Section 1927.  The Court finds no clear and convincing evidence that counsel litigated this action in bad faith, for an improper purpose, or in reckless disregard of his duties to the Court.  The Court also finds no clear and convincing evidence that counsel's filing of a Title VII claim or his changing of his position on Michaels's sealing request multiplied proceedings.

13

## B. Inherent Powers

The Court likewise declines to sanction Mr. Bakios or his counsel under its inherent powers.  Before exercising its inherent power to sanction a party or its attorney, the Court must find clear and convincing proof that the party or attorney acted in bad faith or willfully abused the judicial process.  *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 455 (5th Cir. 2022).  Michaels largely relies on the same evidence in support of sanctions under the Court's inherent powers as it did in support of sanctions under 28 U.S.C. § 1927.  Doc. No. 33 at 9–11.  For much the same reasons that the Court found no clear and convincing evidence Mr. Bakios's counsel acted vexatiously for purposes of Section 1927, it finds no clear and convincing proof counsel or his client acted in bad faith or willfully abused the judicial process.  *Supra* Section III.A.

The only wrongdoing specifically attributed to Mr. Bakios rather than counsel is approving a Complaint that disclosed Michaels's confidential information despite knowing the information was confidential.  Doc. No. 33 at 10.  Michaels cites no evidence of Mr. Bakios's knowledge.  Presumably it relies on Mr. Bakios's assent to the confidentiality provisions of his noncompetition agreement, Michaels's code of conduct, and Michaels's employee handbook, which it filed in connection with a separate motion.  Doc. Nos. 7-1 to -4.  Since Michaels does not attempt to show that the language of those provisions covers specific information Mr. Bakios disclosed, the Court cannot say Mr. Bakios's disclosure was improper.  On their face, most of Mr. Bakios's allegations are typical fare for an employment discrimination and retaliation case.

14

## IV.    MOTION TO SEAL

The Court lastly reviews Michaels's Motion to Seal Mr. Bakios's Complaint in its entirety or redact it extensively.  Doc. No. 21.  The public enjoys presumptive access to judicial records.  *Le*, 990 F.3d at 417–19.  When a party seeks to seal judicial records, the Court must protect the public's right of access.  *Id.* at 419.  It does that by conducting a line-by-line review of the material the party wants sealed and sealing only those items of information whose nondisclosure furthers interests outweighing the public's right.  *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).  The interests favoring nondisclosure must be weighty and specific to warrant sealing.  *See IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411–12 (5th Cir. 2023).  Michaels's asserts that three interests favor sealing: (1) the interest in enforcing its arbitration agreement with Mr. Bakios, (2) the interest in shielding communications protected by the attorney-client privilege, and (3) the interest in protecting its confidential business information.  The Court considers each in turn.

### i.    The Arbitration Agreement

In its broadest sealing argument, Michaels asks the Court to prevent public access to the entire Complaint because Mr. Bakios should have arbitrated the parties' dispute.  Doc. No. 21 at 16.  The Court cannot accept this argument.

Sealing a complaint is extraordinary relief.  "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a

court's decision." *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (rejecting attempt to keep complaint under seal); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140–43 (2d Cir. 2016) (same).   That is true here.   The Court's rulings on Michaels's Motion to Compel and Motion for Sanctions required the Court to consider Mr. Bakios's Complaint, and both rulings would be less intelligible to the public without access to the Complaint. *Supra* Sections II–III.

Michaels also does not contend that the parties' arbitration agreement contains a confidentiality provision prohibiting the disclosures Mr. Bakios made in the Complaint.   Even if it did, sealing the Complaint because the parties have an arbitration agreement would enable them to bargain away the public's right of access to the document. *See BP Expl. & Prod. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019); *AFS Logistics, LLC v. Tetria Glob. Logistics, LLC*, 2022 WL 11902222, at *1–2 (N.D. Tex. Oct. 20, 2022) (O'Connor, J.).   The Court rejects that result. *See Kim v. BTG Pactual Asset Mgmt. US, LLC*, 2022 WL 4115955, at *1 (S.D.N.Y. Sept. 9, 2022) (denying a similar motion to seal a discrimination and retaliation complaint purportedly subject to arbitration); *cf. also Indus. Steel Constr., Inc. v. Lunda Constr. Co.*, 2020 WL 8225436, at *6–7 (S.D. Iowa Nov. 5, 2020) (denying motion to seal complaint after compelling arbitration pursuant to delegation clause); *DevIntent LLC v. HeroDevs, LLC*, 2022 WL 17690152, at *2 (D. Utah Dec. 15, 2022) (denying motion to seal complaint after parties agreed that their contract required arbitration). *But see Walker*

*v. Gore*, 2008 WL 4649091, at *2 (S.D. Ind. Oct. 20, 2008) (temporarily sealing complaint pending motion to compel arbitration).

To the extent Michaels is concerned about employees filing abusive suits to disclose its confidential information, it has tools to protect itself.  As it did in this case, it can move for sanctions against employees who bring vexatious suits and against their counsel.  *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 953 (5th Cir. 2001); *AbbVie*, 713 F.3d at 64.  It simply failed to show here that the employee plaintiff and his counsel acted recklessly or with bad intent.  If it had made a showing of improper conduct, there is some authority suggesting that the misconduct would weigh in favor of sealing the information they disclosed.  *See In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023).  Regardless of an employee-litigant's intent, Michaels can recover damages for breaches of its arbitration agreement in an ordinary breach of contract action.  *See Walker*, 2008 WL 4649091, at *3.

ii.   <u>Privileged Communications</u>

The Court accepts in part Michaels's narrower request to seal portions of its Complaint it says the attorney-client privilege protects.  Doc. No. 21 at 13.  A party that puts its own privileged communications at issue in a filing generally cannot seek to seal the communications, while a party who consistently opposes the disclosure of its privileged communications often has an interest in their confidentiality that justifies sealing them.  *Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, 2023 WL 6850006, at *12 (N.D. Tex. Oct. 17, 2023) (Kinkeade, J.).  Since Mr. Bakios's claims arise under federal

employment law, the federal common law of privilege governs. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005); *Adams v. Mem'l Hermann*, 973 F.3d 343, 349 (5th Cir. 2020). Under federal law, the attorney-client privilege limits the disclosure of (1) "a confidential communication; (2) to a lawyer or his subordinate; (3) [made] for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (emphasis deleted). The Court finds two allegations in Mr. Bakios's Complaint privileged under this standard and seals them.

In the first allegation, Mr. Bakios reports several findings from his investigation of a fellow employee, Mr. Wang, which he delivered to in-house and outside counsel for Michaels. Doc. No. 1 ¶ 20. Outside counsel gave Michaels advice based on those findings. *Id.* ¶¶ 20–22. On these facts, the findings are within the scope of the attorney-client privilege. Mr. Bakios has reproduced the substance of confidential communications he made to Michaels's attorneys to assist them in providing legal advice to Michaels. *See Miniex v. Houston Hous. Auth.*, 2019 WL 2524918, at *7 (S.D. Tex. Mar. 1, 2019); *Bross v. Chevron U.S.A. Inc.*, 2009 WL 854446, at *4 (W.D. La. Mar. 25, 2009). Michaels has never consented to the disclosure of the findings, and the Court concludes that sealing them is necessary to protect Michaels's interest in the confidentiality of its privileged communications.

In the second allegation, Mr. Bakios recites the advice outside counsel gave Michaels after his investigation of Mr. Wang, including a quotation summarizing

counsel's legal opinion.  Doc. 1 ¶ 22.  This falls even more comfortably within the scope of the attorney-client privilege, and Michaels has repeatedly objected to disclosure of the advice.  *See* Doc. No. 7 at 6; Doc. No. 21 at 13.  The Court finds it appropriate to seal the allegation.

The remainder of Mr. Bakios's allegations are not privileged.  They have nothing to do with communications or with attorneys.  They are largely just facts about Michaels's business, and the attorney-client privilege does not shield raw facts from disclosure.  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).  One allegation describes Michaels's intent to sell goods online.  Doc. No. 1 ¶ 14.  Another implies that Mr. Wang's management cost Michaels money and led to staff turnover.  *Id.* ¶ 18.  A third set of allegations describes reluctance among Michaels's executives to terminate Mr. Wang.  *Id.* ¶¶ 23–24.  A few allegations simply recite that Mr. Bakios investigated Mr. Wang, did so in compliance with Michaels's policies, and reported to counsel.  *Id.* ¶¶ 19–21; *see In re LTV Sec. Litig.*, 89 F.R.D. 595, 603 (N.D. Tex. 1981) (Higginbotham, J.) ("[A]t the risk of confusing by stating the obvious, information concerning the factual circumstances surrounding the attorney-client relationship has no privilege, at least so long as disclosure does not threaten to reveal the substance of any confidential communications."); *accord Heckman v. TransCanada USA Servs., Inc.*, 2020 WL 211037, at *4 (S.D. Tex. Jan. 13, 2020).  A longer set of allegations concerns Mr. Bakios's investigation into an error in Michaels's payroll, but there is no evidence that attorneys were involved in the investigation.  Doc. No. 1 ¶¶ 33–36.  Mr. Bakios

reported the findings of the investigation to a human resources officer not identified as an attorney. *Id.* ¶¶ 21, 35; *see also Ambrose-Frazier v. Herzing Inc.*, 2016 WL 890406, at *5 (E.D. La. Mar. 9, 2016) (finding no privilege in notes of attorney investigator because she acted in her capacity as a human resources director). The last remaining allegation is the most striking. Michaels asks the Court to seal Mr. Bakios's assertion that Michaels retaliated against him for opposing unlawful discrimination and withholding of wages. Doc. No. 1 ¶ 42; Doc. No. 33 at 13. This is a capsule summary of Mr. Bakios's primary legal theories in this action. This summary is no more privileged than the other allegations just reviewed, and the Court will not seal any of them.

### iii.   Confidential Business Information

The Court denies Michaels's request to seal allegations in Mr. Bakios's Complaint that purportedly reveal confidential business information, but it will permit Michaels to renew its request because particularized briefing and evidence may show that sealing some of the information is appropriate. Sealing confidential business information is sometimes appropriate to prevent competitors from using the information to injure its owner. *Ironshore*, 2023 WL 6850006, at *11. Before the Court will seal the information, Michaels must identify with specificity the threat of competitive harm that disclosure of its information would create. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). It has not done so yet.

Michaels has not explained how competitors would take advantage of its allegedly confidential business information. Michaels's information includes its past goals

and budget for online sales initiatives, its historical human resources budget, and a figure summarizing dollar amounts Mr. Bakios allegedly trimmed from the company's expenses.  Doc. No. 21 at 14–16; Doc. No. 1 ¶¶ 9, 14, 16, 40.  Its only specific argument in support of sealing the information is a quotation from a decision sealing information about a business's revenue, marketing budget, and marketing and advertising strategies because disclosure would enable competitors to "market against" the business.  Doc. No. 21 at 16 (quoting *Hoffmann Bros. Heating & Air Conditioning, Inc. v. Hoffmann Air Conditioning & Heating, LLC*, 2022 WL 1718882, at *5 (E.D. Mo. May 27, 2022)).  Setting aside the fact that Michaels is not seeking to seal the same types of information, it has not shown that it would suffer the same type of competitive harm if the public could access the information it wishes to seal.  Michaels submits no briefing or evidence elaborating on the point.  The Court cannot seal Michaels's business information on this record.  *See Vantage Health*, 913 F.3d at 451; *IFG Port Holdings*, 82 F.4th at 411–12; *United States v. Planned Parenthood Fed'n of Am.*, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) (Kacsmaryk, J.).

The Court will give Michaels one more opportunity to demonstrate that sealing its business information is appropriate.  It will retain jurisdiction to consider a renewed submission addressing the competitive harm Michaels anticipates if its business information is accessible to the public.  *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015).

## V.   CONCLUSION

The Court **GRANTS** Michaels's Motion to Compel arbitration, **DENIES** Mr. Bakios's Motion to Dismiss as moot, **DENIES** Michaels's Motion for Sanctions, and **GRANTS** in part and **DENIES** in part Michaels's Motion to Seal.  The Court **DISMISSES** all claims against Michaels without prejudice in favor of arbitration.  A final judgment will issue separately.  No later than fourteen days after the entry of this order, Michaels **MAY FILE** a renewed motion to seal paragraphs nine, fourteen, sixteen, and forty of Mr. Bakios's Complaint, confining its briefing solely to the issue of whether these paragraphs contain material subject to sealing as confidential business information.  The Court **RETAINS JURISDICTION** to hear this motion.  If Michaels does not timely file a renewed motion, Mr. Bakios **SHALL FILE** a redacted public copy of his Complaint no later than twenty-one days after the entry of this order.  He **SHALL REDACT** only the privileged material identified by the Court in this order, namely (1) the entire second sentence of its twentieth paragraph, including all enumerated subparts, and (2) the entire twenty-second paragraph.  Mr. Bakios **SHALL NOT FILE** this public copy if Michaels files a renewed motion.

**SO ORDERED.**

Signed February 27th, 2024.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE